IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PRAGMATUS AV, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. _____ |
| ) | |
| HUAWEI TECHNOLOGIES CO. LTD; ) | JURY TRIAL DEMANDED |
| FUTUREWEI TECHNOLOGIES, INC, ) | |
| ) | |
| ) | |
| Defendants ) | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Pragmatus AV, LLC ("Pragmatus"), on personal knowledge as to its own acts, and on information and belief as to all others based on its investigation, alleges as follows against Defendants Huawei Technologies Co. Ltd. and Futurewei Technologies, Inc.:

## INTRODUCTION

1.) This action is brought by Pragmatus against Huawei Technologies Co. Ltd. and Futurewei Technologies, Inc. (jointly, "Huawei" or "the Defendants") for Defendant's infringement of Pragmatus's patents. In particular, Pragmatus seeks remedies for Defendant's infringement of U.S. Patent Nos. 6,237,025 ("the '025 Patent") and 5,896,500 ("the '500 Patent") (collectively, "the patents-in-suit").

2.) Each of the patents-in-suit is directed towards collaboration and video conferencing technology, including contact lists, video calling, video chat, text-based chat and other types of communications.

3.) Each of the patents-in-suit is critical to collaboration and video conferencing and has previously been licensed to major collaboration and video conference providers.

4.) For example, Polycom was granted a license to the patents-in-suit for a Twenty Seven Million Five Hundred Thousand Dollars ($27,500,000.00) payment and a broad cross license agreement as described in the Avistar 10K report attached hereto as Exhibit A.

5.) Further, Tandberg was granted a license to the patents-in-suit for a Twelve Million Dollar ($12,000,000.00) payment and a broad cross license agreement as described in the Avistar 10K report attached hereto as Exhibit A.

6.) Each of the patents-in-suit has been subject to an extensive reexamination request in the United States Patent and Trademark Office.

7.) The '025 and '500 Patent reexamination requests were denied by the United States Patent and Trademark Office.

**PARTIES**

8.) Plaintiff Pragmatus is incorporated under the law of the Commonwealth of Virginia and has its principal place of business at 601 King Street, Alexandria, VA 22314.

9.) Pragmatus is informed and believes that Defendant Huawei Technologies Co., Ltd. is a Chinese limited liability company/corporation. Defendant Huawei Technologies Co., Ltd. has a principal place of business at Huawei Industrial Base, Bantian Longgang, Shenzhen, Guangdong, P.R.China, 518129. Pragmatus is informed and believes that Defendant Futurewei Technologies, Inc. is a Texas limited liability company/corporation. Defendant Futurewei Technologies, Inc. has a principle place of business at 1301 W. George Bush Highway, Suite 260, Richardson, TX 75080. Defendant Futurewei Technologies, Inc is a subsidiary of Defendant Huawei Technologies Co., Ltd.

10.) Pragmatus is informed and believes that Defendant Huawei offers videoconferencing services, software and equipment to customers including its videoconference systems (e.g., the TP3006, TP3016, 9000 HD, Viewpoint Group Video systems, among others).

11.) Pragmatus is informed and believes that Defendant Huawei designed, made or had made on its behalf, and placed infringing products and/or services into the stream of commerce with the reasonable expectation and/or knowledge that actual or potential ultimate purchasers and users for such products and/or services were located within this judicial district. Pragmatus is informed and believes that Huawei sold, advertised, solicited customers, marketed and distributed its infringing products and/or services in this judicial district.

## JURSIDICTION

12.) This action arises under the Patent Laws of the United States, 35 U.S.C. §§ 1 et seq. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and § 1338(a).

## VENUE

13.) Venue is proper under 28 U.S.C. §§ 1391 and 1400 because Huawei has committed acts of infringement in this district.

14.) This Court has personal jurisdiction over Huawei because, among other things, Huawei has committed, aided, abetted, contributed, to and/or participated in the commission of acts giving rise to this action within this judicial district and has established minimum contacts within the forum such that the exercise of jurisdiction over Huawei would not offend traditional notions of fair play and justice. Huawei designed, made or had made on its behalf, and placed infringing products and/or services into the stream of commerce with the reasonable expectation and/or knowledge that actual or potential ultimate purchasers and users for such products and/or

services were located within this judicial district. Huawei sold, advertised, solicited customers, marketed and distributed its infringing products and/or services in this judicial district.

## THE PATENTS-IN-SUIT

15.) Paragraphs 1-14 are reincorporated by reference as if fully set forth herein.

16.) On May 22, 2001, the '025 Patent, titled "Multimedia Collaboration System" was duly and lawfully issued by the United States Patent and Trademark Office. A true and correct copy of the '025 Patent is attached hereto as Exhibit B.

17.) Pragmatus holds all right, title and interest in and to the '025 Patent including the right to sue for and recover all damages for infringement thereof, including past infringement.

18.) On April 20, 1999 the '500 Patent, titled "System for Call Request which Results in First and Second Call Handle Defining Call State Consisting of Active or Hold for its Respective AV Device" was duly and lawfully issued by the United States Patent and Trademark Office. A true and correct copy of the '500 Patent is attached hereto as Exhibit C.

19.) Pragmatus holds all right, title and interest in and to the '500 Patent including the right to sue for and recover all damages for infringement thereof, including past infringement.

## COUNT I
### (Infringement of United States Patent No. 6,237,025)

20.) Paragraphs 1-19 are incorporated by reference as if fully restated herein.

21.) Huawei has and continues to infringe directly one or more claims of the '025 Patent by making, using, offering for sale, selling and/or practicing the inventions covered by at least claim 33 of the '025 Patent, including at least by providing video conference services and products.

22.) Huawei has and continues to infringe indirectly one or more claims of the '025 Patent by inducing others to infringe and/or contributing to the infringement by others of at least

claim 33 of the '025 Patent, including at least users of Huawei video conference services and products. Huawei has notice and knowledge of its infringement at least via a notice letter sent by Pragmatus, dated October 31, 2011. Huawei's infringement is continuing. See, e.g., http://www.huawei.com/enterprise/video-communications.do

23.) As a result of Huawei's acts of infringement, Pragmatus has suffered and will continue to suffer damages in an amount to be proved at trial.

## COUNT II
### (Infringement of United States Patent No. 5,896,500)

24.) Paragraphs 1-19 are incorporated by reference as if fully restated herein.

25.) Huawei has and continues to infringe directly one or more claims of the '500 Patent by making, using, offering for sale, selling and/or practicing the inventions covered by at least claim 11 of the '500 Patent, including at least by providing video conference services and products.

26.) Huawei has and continues to infringe indirectly one or more claims of the '500 Patent by inducing others to infringe and/or contributing to the infringement by others of at least claim 11 of the '500 Patent, including at least users of Huawei video conference services and products. Huawei has notice and knowledge of its infringement at least via a notice letter sent by Pragmatus, dated October 31, 2011. Huawei's infringement is continuing. See, e.g., http://www.huawei.com/enterprise/video-communications.do

27.) As a result of Huawei's acts of infringement, Pragmatus has suffered and will continue to suffer damages in an amount to be proved at trial.

## DEMAND FOR JURY TRIAL

Pragmatus hereby demands trial by jury on all claims and issues so triable pursuant to Fed. R. Civ. Pro. 38(b).

## PRAYER FOR RELIEF

WHEREFORE, Pragmatus respectfully requests that this Court enter judgment against Defendant Huawei as follows:

a. for judgment that Huawei has infringed one or more claims of United States Patent Nos. 6,237,025 and 5,896,500;

b. that United States Patent Nos. 6,237,025 and 5,896,500 are valid and enforceable;

c. for damages to be paid by Huawei adequate to compensate Pragmatus for their past infringement and any continuing or future infringement up until the date such judgment is entered, including interest, costs and disbursements as justified under 35 U.S.C. § 284;

d. that this is an exceptional case and awarding Pragmatus its reasonable attorneys' fees pursuant to 35 U.S.C. § 285; and

e. for such further relief at law or equity as the Court deems just and proper.

Dated: November 3, 2011            FARNAN LLP

By: /s/ Brian E. Farnan
    Brian E. Farnan (Bar No. 4089)
    919 North Market Street, 12th Floor
    Wilmington, Delaware 19801
    (302) 777-0300
    (302) 777-0301 (Fax)
    bfarnan@farnanlaw.com

Attorneys for Plaintiff
PRAGMATUS AV, LLC

Of Counsel:

Anthony Grillo
MARINO AND GRILLO
437 Midland Avenue
Wayne, PA 19087
Telephone: (610) 989-0143
Fax: (610) 549-2385
agrillo@marinogrillo.com